# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SOLERA AT ANTHEM COMMUNITY
ASSOCIATION, INC.,

    Plaintiff,

v.

DEL WEBB COMMUNITIES, INC, *et al*.,

    Defendants.

Case No. 2:11-cv-00425-LDG (CWH)

**ORDER**

    The plaintiff, Solera at Anthem Community Association, Inc. (Community Association), brought this suit in state court in its representative capacity on behalf of owners of units (townhomes and single family residences) in the Solera at Anthem common-interest community.  The defendants, Del Webb Communities, Inc., PN II d/b/a Pulte Homes of Nevada, and Pulte Building Systems, LLC, removed the action to this Court pursuant to 28 U.S.C. §1332(d), asserting that the action is a class action in which the amount in controversy exceeds $5,000,000.

    Community Association moves to remand (#12) this action to state court, arguing that its representative action is not a class action as defined in §1332(d)(1)(B), and even if its action is a class action, this Court must remand the suit pursuant to §1332(d)(4) as

concerning a local controversy. The defendants oppose the motion (#29). The Court will deny the motion of Community Association.

Pursuant to §1332(d)(1)(B), "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." In *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 125 Nev. 449, 215 P.3d 697 (2009), the Nevada Supreme Court held that "because a homeowners' association functions much like a plaintiff in a class action, we conclude that when an association asserts claims in a representative capacity, the action must fulfill the requirements of NRCP 23, which governs class action lawsuits in Nevada." Community Association argues that the Rule 23 criteria are "germane to *whether an association has standing.* They do *not* determine how the case proceeds after this threshold issue has been resolved." Community Association's Motion at 4. The Court disagrees. The Nevada Supreme Court specifically recognized, in *D.R. Horton*,

> where a homeowners' association brings suit on behalf of its members, a developer may, under Shuette, challenge whether the associations' claims are subject to class certification. In doing so, the district court must conduct and document a thorough NRCP 23 analysis. This analysis will require the court to consider whether the claims and various theories of liability satisfy the requirements of numerosity, commonality, typicality, adequacy, and, as in Shuette, whether "common questions of law or fact predominate over individual questions," or whether the action satisfies one of the other two options set forth in NRCP 23(b).

125 Nev. at 459. The instruction of the Nevada Supreme Court is that when an association asserts claims in its representative capacity, "the *action* must fulfill the requirements of NRCP 23, which governs class actions in Nevada." As a result, developers can challenge whether the claims are subject to class certification, and state district courts must conduct and document a thorough NRCP 23 analysis. In light of the Nevada Supreme Court's ruling in *D.R. Horton*, the Court finds that the present suit was a civil action filed under Rule

23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing a class action.

Community Association further asserts that this matter must be remanded as a local controversy, pursuant to §1332(d)(4)(A). As the party seeking remand, Community Association bears the burden of proof whether the §1332(d)(4)(A) exception to this Court's jurisdiction applies in this case. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1019, 1024 (9th Cir. 2007).

Section 1332(d)(4) provides:

A district court shall decline to exercise jurisdiction under paragraph (2)–

(A)(i) over a class action in which–

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant–

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons

As evidence that at least two-thirds of the members of the class it seeks to represent–i.e., homeowners in the Solera at Anthem common-interest community–Community Association argues that the very nature of home ownership creates a *presumption* of residency, and thus of citizenship for diversity purposes. The only evidence proffered by Community Association is the affidavit of counsel's legal assistant attesting that a list of all

1 homeowners in the common-interest community (as provided by the property manager)
2 indicated 2,752 homeowners, of which 2,198 (79.8%) have Nevada mailing addresses.
3 While home ownership might indicate domicile, Community Association's evidence
4 suggests that it is inappropriate to *presume* citizenship from nothing more than an
5 allegation that the members of Community Association own residences in the Solera at
6 Anthem community. *Assuming* that each Nevada mailing address represents home
7 ownership in the Solera at Anthem community, Community Association's evidence reveals
8 that ownership of a residence, standing alone, is unreliable evidence of even residency in
9 Solera at Anthem for at least 20% of its represented homeowners. While ownership of a
10 residence includes *home* ownership (meaning, the *domicile* of the owner), ownership of a
11 residence also includes ownership of a residence as a landlord and ownership of a
12 residence that is used by, but is not the domicile of, the owner. The Court will neither
13 presume nor assume that mere ownership of a residence in Solera at Anthem, without
14 more, establishes that at least two-thirds of Community Association's members are citizens
15 of Nevada. Rather, Community Association's evidence requires that the Court recognize
16 that a significant portion of Community Association's members own residences in Solera at
17 Anthem for purposes other than their own residence.

18 If a mailing address established state citizenship, then Community Association's
19 evidence that 2,198 of its 2,752 members have Nevada mailing addresses would establish
20 that at least two-thirds of its members are citizens of Nevada. While a mailing address can
21 indicate citizenship, however, a mailing address does not establish citizenship. Given that
22 Community Association represents 2,752 members, it has the burden of showing that at
23 least 1,834 of those members are citizens of Nevada to meet the two-thirds requirement of
24 §1332(4)(A)(i)(I). Community Association's own evidence suggests that it cannot provide
25 any evidence of Nevada citizenship for at least 20% of its members. Thus, to meet the
26 two-thirds threshold, Community Association has the burden of showing that at least 83%

4

(1,834/2,198) of its members who have Nevada mailing addresses are citizens of Nevada. While the Court recognizes that a mailing address can indicate citizenship for purposes of diversity, a mailing address does not, in every circumstance, establish or accurately represent citizenship.  It may be that 83% of those owners of a residence in Solera at Anthem who have a Nevada mailing address are citizens of Nevada.  The Court finds it highly unlikely, however, that every owner of a unit in Solera at Anthem with a Nevada mailing address is a Nevada citizen.  As noted, Community Association's own evidence indicates that a significant portion of its members own residences in Solera at Anthem for purposes other than their domicile.  In light of this evidence, the Court will not assume that every member who has provided the property manager for Solera at Anthem with a Nevada mailing address has provided an address to that member's domicile.  Even were the Court to assume that every mailing address to a residence was to the domicile of the member, Community Association has not offered any evidence that at least 83% of the Nevada mailing addresses are to residences in Nevada.  Indeed, Community Association has not offered any evidence other than the bare fact that 2,198 of its 2,752 members have a Nevada mailing address.  As Community Association has not offered evidence that at least two-thirds of its members are citizens of Nevada, and as the Court will not presume at least two-thirds of its members are citizens of Nevada based solely on evidence that the contact information for 79.8% of members of Community Association's includes a Nevada mailing address, the Court will deny the motion to remand.

Therefore, for good cause shown,

THE COURT **ORDERS** that Solera at Anthem Community Association's Motion for Remand (#12) is DENIED;

5

1 THE COURT FURTHER **ORDERS** that Defendants' Motion to Reassign Case (#11)
2 is DENIED.

4 DATED this \_\_\_23\_\_\_ day of March, 2012.

_____
Lloyd D. George
United States District Judge