UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SOLERA AT ANTHEM COMMUNITY ASSOCIATION INC., ) ) ) Plaintiff, ) ) vs. ) ) DEL WEBB COMMUNITIES, INC., *et al*., ) ) Defendants. ) ) | Case No. 2:11-cv-00425-LDG-CWH **ORDER** |

This matter is before the Court on Defendants/Third-Party Plaintiffs Del Webb Communities, Inc., PN II, Inc., DBA Pulte Homes of Nevada, and Pulte Building Systems, LLC's Motion to Stay Proceedings (#80), filed on December 20, 2012. The Court also considered Plaintiff Solera at Anthem Community Association, Inc.'s Response (#82), filed on December 27, 2012, and Third Party Defendants Uponor, Inc. and Uponor North America, Inc.'s Joinder (#83), filed on January 2, 2013. Additionally, the Court considered Plaintiff's Motion to Compel (#79), filed on December 10, 2012, and Plaintiff's Motion to Compel (#84), filed on January 2, 2013.

**BACKGROUND**

This action is one of fourteen cases pending in the District of Nevada alleging defects in certain Uponor and/or Wirsbo brand plumbing components. A status conference is scheduled for January 11, 2013, in one of the cases, *Hartmann v. Uponor*, 2:08-cv-01223-RCJ-GWF, to discuss consolidation and a case management order. Defendants request a stay until discovery begins in the related cases or at least until the January 11, 2013 hearing. Plaintiff contends that a stay is not warranted because this case is unique and any delay harms the affected homeowners. Additionally, Plaintiff filed two motions to compel.

**DISCUSSION**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery. *Skellercup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Common examples of situations warranting a stay of discovery are when jurisdiction, venue, or immunity are preliminary issues. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997); *see also Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)). Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). An overly lenient standard for granting motions to stay would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556.[1] Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

The Court finds that the Defendants have made the strong showing necessary to support a stay of discovery until the January 11, 2013 status conference. The Court notes that Plaintiff concedes that this action will be affected by the status conference. As such, the potential prejudice to Plaintiff is relatively minimal and hardship to Defendants in producing discovery is significant. Most importantly, the Court's interest in preserving its judicial resources and

---

[1] As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." 278 F.R.D. at 603.

efficiently managing its docket is promoted by granting the stay until after the status conference. A case management order and potential consolidation will significantly affect discovery in this case. Accordingly, the Court will grant a limited stay until a determination is issued regarding the case management issues to be addressed during the January 11, 2013 status conference. Additionally, it will deny Plaintiff's pending Motions to Compel (#79 and #84) without prejudice so that Plaintiff may renew those motions if necessary after the status conference.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants/Third-Party Plaintiffs Del Webb Communities, Inc., *et al.*'s Motion to Stay Proceedings (#80) is **granted in part and denied in part**. Discovery shall be stayed until a determination is issued regarding the case management issues to be addressed at the January 11, 2013 status conference in Case No. 2:08-cv-1223-RCJ-GWF.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (#79) and Motion to Compel (#84) are **denied without prejudice**.

DATED this 3rd day of January, 2013.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge